U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

Stephen Stedman
    Plaintiff,

vs.                                                                                     CASE NO. 2:17-cv-00398

CITY OF TERRE HAUTE

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Stephen Stedman, by his attorney Paul J. Jungers complains against Defendant as follows:

### I. INTRODUCTION

1. This is an action for violations of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and for a claim of negligence against the State of Indiana.

2. Plaintiff's claims arise out of his employment relationship with Defendant City of Terre Haute in its Street Department division.

3. Plaintiff Stephen Steadman (hereafter "Plaintiff") is a resident of Indiana and resides within the Southern District of Indiana.

### II. STATE JURISDICTION, VENUE, AND NOTICE

4. This action arises under the Indiana Tort Claim Act "ITCA". The Plaintiff timely filed notice of a tort claim on November 1, 2016 to the Indiana Political Subdivision, Attorney General

1

Greg Zoeller, Terre Haute Mayor Duke Bennett, Terre Haute Street Department, Indiana Governor Mike Pence, and the Mayor of Terre Haute, Duke Bennett.

### III. FEDERAL JURISDICTION, VENUE, AND NOTICE

6. The events out of which this controversy arose occurred in the Southern District of Indiana.

7. This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and §1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367.

8. The federal cause of action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§ 1331, 1343, 220.

9. This case is instituted in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §1391, as this is the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### IV. PARTIES

5. At all times relevant hereto, Plaintiff Stephen Stedman was a resident of the State of Indiana and a citizen of the United States of America.

6. Defendant City of Terre Haute, hereinafter "Defendant City" is an Indiana municipal corporation and is the legal entity responsible for itself and for the Terre Haute Street Department.

## V. FACTUAL BACKGROUND

7. Defendant City of Terre Haute (hereafter "Defendant City") is a city in the Southern District of Indiana.

8. Plaintiff made a charge of discrimination with the Equal Employment Opportunity Commission on or about June 16, 2016 and received a right to sue letter from the Commission on May 24, 2017.

9. Plaintiff is a former employee of the Terre Haute Street Department and the City of Terre Haute. Plaintiff had been an employee of the Terre Haute Street Department in Terre Haute, Indiana for approximately ten (10) years.

10. Plaintiff put in his resignation with the Terre Haute Street Department on June 1, 2016.

11. Plaintiff resigned from his position due to ongoing and worsening workplace harassment of himself and his coworkers with no disciplinary action taken.

12. Plaintiff was fearful of losing his job in retaliation for making complaints against coworkers, but the verbal and physical abuse had been ongoing and worsening to the point that Plaintiff wishes to remedy this situation by way of law in order to prevent it from happening to others. The Plaintiff was forced to resign to prevent further harassment.

13. Plaintiff had ties to a Tort Claim and Equal Employment Opportunity Commission charge (EEOC) in which he was a supporting witness in a claim from another former THSD employee who was being harassed by coworkers. These actions, dated November 13, 2015, alleged harassment of a disabled THSD employee named Terry Fish, Sr.

14. After Plaintiff opposed the sexual harassment and harassment of a coworker, Terry Fish, who is disabled, Plaintiff was sexually harassed by coworkers and supervisors. This harassment was continual and ongoing from 2014 until the Plaintiff's resignation in 2016.

15. Some of the acts of retaliation against Plaintiff are including but not limited to the following: being run off the road by his coworkers, attempts to get Plaintiff fired from his job, and comments that he should perform sexual acts on a coworker.

16. Plaintiff reported the harassment to the Mayor, the Street Commissioner, and Human Resources with no results.

17. Plaintiff also put in a request to take off work for his birthday on January 26, 2016 and was subsequently written up for taking the day off.

18. On May 31, 2016 Plaintiff was written up for a false allegation of "hazing" a coworker.

19. Plaintiff was forced to retire on May 21, 2016 due to the ongoing harassment

20. Plaintiff suffered damages as a result of the retaliatory harassment, sexual harassment and/or negligence of the City of Terre Haute, including but not limited to lost wages, embarrassment and humiliation.

21. Plaintiff is now, and at the time of the allegations during which the above allegations occurred was a resident of Vigo County, city of Terre Haute, State of Indiana.

# VI. COUNT ONE

# NEGLIGENT SUPERVISION

# STATE LAW CLAIM

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

22. Defendant City, at all times were the relevant policymakers for the City of Terre Haute and the Terre Haute Street Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

23. Defendant State has tolerated a hostile work environment and has failed to properly train and/or supervise Terre Haute Street Department supervisors.

24. As a result of the foregoing, Plaintiff was subject to great emotional pain and suffering, and was otherwise damaged and injured.

25. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional pain and suffering, entitling him to special damages, in amounts to be determined at trial.

## VI. COUNTS TWO & THREE

## RETALITORY DISCRIMINATION

## &

## SEXUAL HARRASSMENT

## FEDERAL LAW CLAIMS

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

26. Plaintiff avers that he was retaliated against in the form of sexual harassment by Terre Haute Street department coworkers and supervisors due to his supervisors having knowledge that he was a witness in the Terry Fish matter and that he had filed an EEOC claim.

27. As an actual and proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional pain and suffering and lost wages, and is also entitled to special damages, in amounts to be determined at trial.

## IX. RELIEF REQUESTED

For all the foregoing reasons, Plaintiff Stephen Steadman demands judgment against Defendants as follows:

A. **Legal Relief:**

 1. Compensatory damages in whatever amount he is found to be entitled;

 2. Exemplary and punitive damages in whatever amount he is found to be entitled.

 3. An award of interest, costs and reasonable attorney fees.

Respectfully Submitted,

Paul Jungers
WAGNER, CRAWFORD,
GAMBILL & JUNGERS
416 S. 6th St.
Terre Haute, IN 47807

Phone: (812) 235-8900/ Fax: (812) 238-1127

/s/ Paul Jungers

DATED:  August 17, 2017

Paul Jungers (#29672-84)

# JURY DEMAND

Plaintiff Stephen Steadman by his attorney Paul Jungers demands a trial by jury of all the issues in this case.

Paul Jungers
WAGNER, CRAWFORD,
GAMBILL & JUNGERS
416 S. 6th St.
Terre Haute, IN 47807
Phone: (812) 235-8900
Fax:    (812) 238-1127

/s/ Paul Jungers

Paul Jungers (#29672-84)

DATED:  August 17, 2017